# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **KENNETH L. SIMON, et al.,** | : |
| Plaintiffs, | : Case No. 4:21-cv-02267 |
| v. | : **JUDGE JOHN ADAMS** |
| **GOVERNOR MIKE DeWINE, et al.,** | : |
| Defendants. | : |

## DEFENDANTS' MOTION FOR ABSTENTION AND/OR STAY OF FURTHER PROCEEDINGS

Defendants Ohio Governor Mike DeWine, Secretary of State Frank LaRose, House Speaker Robert R. Cupp, Senate President Matt Huffman, Auditor Keith Faber, the Ohio Redistricting Commission, and Attorney General Dave Yost respectfully move the Court to abstain from and/or stay further proceedings in this action pending a state court determination of the validity of recently-adopted redistricting maps under the Ohio Constitution.

Currently pending before the Ohio Supreme Court are five cases (collectively referred to as the "Redistricting Cases") that will directly impact the federal claims asserted by the Plaintiffs here. Three of the five Redistricting Cases challenge Ohio's 2021 General Assembly Plan (redistricting maps for state house representatives and state senators): (1) *League of Women Voters of Ohio, et al. v. Ohio Redistricting Commission, et al (I).,* Case No. 2021-1193; (2) *Bennett, et al. v. Ohio Redistricting Commission, et al.,* Case No. 2021-1198; and (3) *Ohio Organizing Collaborative, et al. v. Ohio Redistricting Commission, et al.,* Case No. 2021-1210. The remaining two cases challenge the 2021 Congressional Plan (apportionment of U.S. congressional districts): (1) *Adams et al. v. DeWine et al.*, Case No. 2021-1428 and (2) *League of Women Voters of Ohio,*

*et al. v. Ohio Redistricting Commission, et al (II).,* Case No. 2021-1449.  All of the plaintiffs—in the Redistricting Cases and in this one—seek to invalidate the maps adopted.

This motion is brought pursuant to Rule 7(b) of the Federal Rules of Civil Procedure on the grounds that while jurisdiction in this Court is proper, it is appropriate for this Court, under the *Pullman* doctrine, to abstain from exercising its jurisdiction over claims raised in the amended complaint which may be moot by a state court decision.  A stay of this case until the Ohio Supreme Court decides the Redistricting Cases is for good cause.  This Motion is supported by the attached Memorandum.

                                        Respectfully submitted,
                                        DAVE YOST (0056290)
                                        Attorney General of Ohio

                                        */s/ Julie M. Pfeiffer*
                                        JULIE M. PFEIFFER (0069762)
                                        ALLISON D. DANIEL (0096186)
                                        Assistant Attorneys General
                                        Constitutional Offices Section
                                        30 E. Broad Street, 16th Floor
                                        Columbus, Ohio 43215
                                        Tel: 614-466-2872 | Fax: 614-728-7592
                                        Julie.Pfeiffer@OhioAGO.gov
                                        Allison.Daniel@OhioAGO.gov

                                        *Counsel for Defendants*

**MEMORANDUM IN SUPPORT**

I.      **INTRODUCTION**

Defendants move the Court to abstain from and/or stay the proceedings in this case pending the Ohio Supreme Court's resolution of the Redistricting Cases, which are five cases that are pending before the Ohio Supreme Court challenging Ohio's recently adopted 2021 General Assembly Plan for Ohio House Representatives and Ohio Senators under Ohio Const., Art. XIX, and 2021 Congressional District Plan for the U.S. House of Representatives under Ohio Const., Art. XI.

The cases that challenge Ohio's 2021 General Assembly Plan are: (1) *League of Women Voters of Ohio, et al. v. Ohio Redistricting Commission, et al (I).,* Case No. 2021-1193; (2) *Bennett, et al. v. Ohio Redistricting Commission, et al.,* Case No. 2021-1198; and (3) *Ohio Organizing Collaborative, et al. v. Ohio Redistricting Commission, et al.,* Case No. 2021-1210. The Ohio Supreme Court heard oral arguments on December 8, 2021, and those cases are now decisional.

The cases that challenge the 2021 Congressional District Plan are: (1) *Adams et al. v. DeWine et al*., Case No. 2021-1428 and (2) *League of Women Voters of Ohio, et al. v. Ohio Redistricting Commission, et al (II).,* Case No. 2021-1449. The Ohio Supreme Court has scheduled oral arguments for December 28, 2021, after which these remaining two cases will also be decisional. (The "Redistricting Cases" can be accessed through the Ohio Supreme Court's online docket at: https://www.supremecourt.ohio.gov/Clerk/ecms/#/search, and their complaints are attached to this Motion as Exhibits A through E).

The Ohio Relators in the Redistricting Cases claim that the Plans violate the Ohio Constitution and they demand that both Plans be invalidated and ordered to be redrawn or

1

amended. *See* Ex. A at 30; Ex. B at 35; Ex. C at 34; Ex. D at 34; Ex. E at 35. The questions raised by the Ohio Relators in the Redistricting Cases are substantially similar to those raised by the Plaintiffs here. Moreover, all of the plaintiffs seek to invalidate the maps adopted. *See id.*; Pls.' Am. Compl. at ¶ 7. In moving for abstention and a stay, Defendants hope to avoid unnecessary costs and effort associated with duplicitous litigation in state court, especially where resolution of the Redistricting Cases might render a ruling on federal constitutional questions unnecessary.

For these reasons, the Defendants respectfully ask this Court to abstain from exercising its jurisdiction and defer resolution of Plaintiffs' federal claims until the state Redistricting Cases have been decided.

## II.     PROCEDURAL HISTORY

Plaintiffs initiated this action on December 1, 2021, alleging that Ohio's 2021 General Assembly Plan and 2021 Congressional District Plan violated their constitutional rights under the U.S. Constitutional and the Voting Rights Act. (Doc. 1, Complaint). Plaintiffs allege that the Defendants, in drawing congressional and state redistricting maps based upon the 2020 decennial census, deliberately "dilute[d] the votes of Black voters in Youngstown and throughout Ohio." Am. Compl. ¶ 32. Plaintiffs allege that Defendants violated Section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments to the United States Constitution. *Id.*

On December 2, 2021, Plaintiffs filed an amended complaint (Doc. 3, Am. Compl.). According to the Court's online docket, Plaintiffs have also filed a motion for leave to file a second amended complaint (Doc. 5), a motion for class certification (Doc. 7), and a motion for a three-judge panel pursuant to 28 U.S.C. § 2284(a). (Doc.9). that are still pending.

2

Again, Plaintiffs bring federal claims against the same redistricting maps that are being challenged in the "Redistricting Cases" before the Ohio Supreme Court. Defendants' response to Plaintiffs' complaint in this case is due December 27, 2021. Given that oral argument is scheduled for December 28, 2021, in the last two of the five Redistricting Cases, the Ohio Supreme Court will not have the Redistricting Cases resolved before the Defendants are due to respond to Plaintiffs' complaint. Plaintiffs have consented to an extension of time for the Defendants to respond to their complaint until the Court rules on this Motion. Defendants have filed a separate unopposed motion for extension of time to respond to Plaintiffs' complaint.

### III. LAW AND ARGUMENT

#### A. This Court should elect to abstain in accordance with *Pullman.*

"Abstention is appropriate 'in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law.'" *Smith v. Husted*, No. 2:16-cv-212, 2016 U.S. Dist. LEXIS 194805, at *13-14 (S.D. Ohio Mar. 11, 2016) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) (citing *R.R. Com. of Tex. v. Pullman Co.*, 312 U.S. 496, 61 S. Ct. 643 (1941)). The application of the *Pullman* abstention doctrine "is warranted only when a state law is challenged and resolution by the state of certain questions of state law may obviate the federal claims, or when the challenged law is susceptible of a construction by state courts that would eliminate the need to reach the federal question." *GTE N., Inc. v. Strand*, 209 F.3d 909, 921 (6th Cir. 2000). There are two requirements under *Pullman* abstention: 1) an unclear state law, and 2) the likelihood that a clarification of the state law would obviate the necessity of deciding the federal claim question. *Smith* at *14 (citing *Tyler v. Collins*, 709 F.2d 1106, 1108 (6th Cir. 1983)).

3

Here, Plaintiffs seek inter alia (1) a declaratory judgment that the Congressional District and General Assembly Plans violate Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, and (2) injunctive relief enjoining the Defendants administering implementing, or conducting any future elections under the Plans.  *See* Pls.' Am. Compl. at 21-22.  In contrast, plaintiffs in the state court actions seek inter alia (1) a declaratory judgment that the Congressional District Plan violates Article XIX of the Ohio Constitution and that the General Assembly Plan violates Article XI of the Ohio Constitution and (2) injunctive relief enjoining the defendants from calling, holding, supervising, administering, or certifying any elections under the maps adopted. *See* Ex. A at 30; Ex. B at 35; Ex. C at 34; Ex. D at 34; Ex. E at 35.  Despite their differences, all of the Plaintiffs' claims here depend on interpretation of the Ohio Constitution, which is unquestionably an issue of state law.  The first element of the *Pullman* doctrine is therefore satisfied.

So too is the second element of *Pullman* abstention.  If the state court rules in favor of the plaintiffs there, Plaintiffs here may receive their requested relief, and this Court would "'avoid the possibility of unnecessarily deciding a constitutional question.'" *Associated Gen. Contractors of Ohio, Inc. v. Drabik*, 214 F.3d 730, 739 (6th Cir. 2000).  That is the purpose of the *Pullman* abstention doctrine.  *See San Remo Hotel, L.P. v. City & Cnty. of S.F.*, 545 U.S. 323, 339, 125 S. Ct. 2491, 2502 (2005).

As the Sixth Circuit has explained, under these circumstances, *Pullman* abstention "requires that . . . 'the federal court should stay its hand in order to provide the state court an opportunity to settle the underlying state law question[.]'" *Drabik*, 214 F.3d at 739 (quoting *Harris County Comm'rs Court v. Moore*, 420 U.S. 77, 83, 43 L. Ed. 2d 32, 95 S. Ct. 870 (1975)).  The Court should abstain from this action and stay the case accordingly.

4

    **B.    This Court should stay proceedings in this action even if it finds that abstention under *Pullman* is not warranted.**

A District Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 683 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

There is good cause to stay the proceedings in this case. The same named Defendants are currently defending the Redistricting Cases in the Ohio Supreme Court that present substantially similar questions regarding redistricting and apportionment. In the Redistricting Cases, the Ohio Relators are challenging the constitutionality of Ohio's 2021 General Assembly Plan and 2021 Congressional District Plan. The Ohio Relators ask the Ohio Supreme Court to invalidate both Plans. *See* Ex. A at 30; Ex. B at 35; Ex. C at 34; Ex. D at 34; Ex. E at 35. If the Ohio Supreme Court agrees with the Ohio Relators and invalidates the maps, there will surely be an impact on both the facts and legal issues in Plaintiffs' complaint. The litigants here should not be required to litigate redistricting plans that may change. Accordingly, until the Ohio Supreme Court can resolve the Redistricting Cases, there is good cause to stay this case. A stay will conserve judicial resources and will prevent the parties from expending unnecessary time and resources. This Motion is not intended for the purpose of delay.

**IV.    CONCLUSION**

For the foregoing reasons, Defendants ask the Court to abstain from and/or stay the proceedings in this case pending the Ohio Supreme Court's resolution of the Redistricting Cases.

Respectfully submitted,

DAVE YOST (0056290)
Attorney General of Ohio

*/s/ Julie M. Pfeiffer*
JULIE M. PFEIFFER (0069762)
ALLISON D. DANIEL (0096186)
Assistant Attorneys General
Constitutional Offices Section
30 E. Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Julie.Pfeiffer@OhioAGO.gov
Allison.Daniel@OhioAGO.gov

*Counsel for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2021, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of this Court's electronic filing system.

*/s/ Julie M. Pfeiffer*
JULIE M. PFEIFFER (0069762)
Assistant Attorney General

### CERTIFICATE OF COMPLIANCE

This case is proceeding on a standard track. Pursuant to Northern District of Ohio Local Civil Rul. 7.1(f), I hereby certify that this memorandum adheres to the page limitations set forth in Rule 7.1(f).

*/s/ Julie M. Pfeiffer*
JULIE M. PFEIFFER (0069762)
Assistant Attorney General