# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| THE HONORABLE REVEREND KEVIN L. SIMON, ET AL. | CASE NO. 4:21-cv-2267 |
| | RELATED CASE. 4:88-CV-1104 |
| PLAINTIFFS, | |
| | JUDGE JOHN R. ADAMS |
| VS. | |
| | "THREE-JUDGE PANEL REQUESTED" |
| GOVERNOR MIKE DEWINE, ET AL. | |
| | "CLASS-ACTION ALLEGATIONS" |
| DEFENDANTS. | |
| | "CLAIM OF UNCONSTITUTIONALITY" |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ABSTENTION AND/OR STAY OF FURTHER PROCEEDINGS, DOCKET #10

Defendants Ohio Governor Mike DeWine, Secretary of State Frank LaRose, House Speaker Rober R. Cupp, Senate President Matt Huffman, Auditor Keith Faber, the Ohio Redistricting Commission, and Attorney General Dave Yose, have moved this Honorable Court to abstain from and/or stay further proceedings in this action pending a state court determination of the validity of recently-adopted redistricting maps under the Ohio Constitution. For the reasons stated below, Defendants' motion should be denied.

Defendants have alleged that a stay or Pullman abstention is warranted here for the reason the questions raised in five redistricting cases currently pending before the Supreme Court of Ohio are substantially similar to those raised here by Plaintiffs. Defendants' argument concerning the similarity of the claims in this action and those currently pending in the Ohio Supreme Court is baseless. The five cases listed in Defendants' motion do not allege that the proposed redistricting plans violate the federal Voting Rights Act or intentionally discriminate on the basis of race as the grounds for their invalidation .. Accordingly, Pullman abstention is unwarranted here.

Federal courts generally have a "'virtually unflagging'" obligation to hear and decide cases within their jurisdiction. Sprint, 571 U.S. at 77 (quoting Colo. River Water Conserv. Dist. v. United States, 424 U.S. 800, 817 (1976)). Federal courts "have 'no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.'" Id.  (quoting Cohens v. Virginia, 6 Wheat. 264, 404  1821)). "Parallel state-court proceedings do not detract from that obligation"; instead, contemporaneous federal and state litigation over the same subject matter is the norm. Id. The availability of the federal courts to adjudicate federal claims is essential to protecting federal rights especially, as relevant here,  the right to vote free of intentional  racial discrimination.

Under Pullman, federal courts can in "exceptional circumstances" abstain from exercising their jurisdiction and stay federal court proceedings pending resolution of state-law issues in state court. Kan. Judicial Review v. Stout, 519 F.3d 1107, 1119 (10th Cir. 2008). "[T]he Pullman concern [is] that a federal court will be forced to interpret state law without the benefit of state-court consideration and ... [will] render[] the federal-court decision advisory and the litigation underlying it meaningless." Moore v. Sims, 442 U.S. 415, 428 (1979).

In order for a district court to rely on the Pullman abstention doctrine, three requirements must be met: "(1) an uncertain issue of state law underlies the federal constitutional claim; (2) the state issues are amenable to interpretation and such an interpretation obviates the need for or substantially narrows the scope of the constitutional claim; and (3) an incorrect decision of state law by the district court would hinder important state law policies." Caldara, 2020 WL 1814596, at *3 (citing Lehman v. City of Louisville, 967 F.2d 1474, 1478 (10th Cir. 1992)).

Only if these three requirements are met can a district court exercise its discretion to decline jurisdiction entirely or postpone the exercise of its jurisdiction in deference to state court's resolution of the underlying state law issues. Hartman v. Forssenius, 380 U.S. 528, 534 (1965).

In this case an undecided issue of state law does not underly Plaintiffs' claims. The question of whether the current maps discriminate on the basis of race is not before the Ohio Supreme Court or even raised in any brief. Although the Ohio Supreme Court may decide to invalidate the currently proposed maps, the current looming filing deadlines create a need for expeditious resolution of Plaintiffs' claims and Plaintiffs should not be required to endure further intentional disregard and delay of the vindication of their precious right to vote and equal treatment as American citizens.[1]

The third Pullman factor is also absent since Plaintiffs have not requested that this Honorable Court decides any state law question.

For the above reasons Defendants' motion for stay or abstain should be denied and Plaintiffs' motion for preliminary injunction granted forthwith.

/s/ Percy Squire
Percy Squire (0022010)
Percy Squire Co., LLC
341 S. Third Street, Suite 10
Columbus, Ohio 43215
(614) 224-6528, Telephone
(614) 224-6529, Facsimile
psquire@sp-lawfirm.com

---

[1] Currently the filing due date for Ohio Senate is February 2, 2022, R.C. 3513.05, Under S.B. 258 the deadline for U.S. Congressional candidates is March 4, 2022.

3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served by operation of the United States District Court, Northern District of Ohio electronic filing system, on January 4, 2022.

/s/ Percy Squire_____
Attorney for Plaintiff (0022010)