IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **KENNETH L. SIMON, et al.,** | : | |
| | : | |
| Plaintiffs, | : | Case No. 4:21-cv-02267 |
| | : | |
| v. | : | **JUDGE JOHN ADAMS** |
| | : | |
| **GOVERNOR MIKE DeWINE, et al.,** | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ABSTENTION AND/OR STAY OF FURTHER PROCEEDINGS**

This Court should abstain from exercising its jurisdiction over claims raised in Plaintiffs' amended complaint and/or stay the proceedings in this case until the Ohio Supreme Court decides the Redistricting Cases. While Plaintiffs' claims indeed differ from the claims asserted in the Redistricting Cases (the Redistricting Cases do not involve allegations of race discrimination), all of the claims turn on the validity of the same redistricting maps. Plaintiffs even concede that the redistricting maps could be invalidated, which would moot their entire challenge. So, despite Plaintiffs' arguments, the circumstances justify abstention and/or a stay of further proceedings until the state court action is resolved.

**ARGUMENT**

**I.    This Court should abstain from exercising jurisdiction over Plaintiffs' claims and/or stay the proceedings because the Ohio Supreme Court is already addressing the constitutionality of the redistricting maps.**

While federal courts indeed have an obligation "to exercise the jurisdiction given them," *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236 (1976), "the Supreme Court has recognized various types of abstention, placing constitutional or

prudential limits on the federal courts' exercise of jurisdiction over cases or controversies that could have been, were, or are being brought in state courts." *Alexander v. Morgan*, 353 F. Supp. 3d 622, 626 (W.D. Ky. 2018). Under the *Pullman* abstention doctrine, "federal courts will not rule on a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." *Id.* (citing *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 61 S. Ct. 643, 85 L. Ed. 971 (1941)). The *Pullman* doctrine is an equitable doctrine, "typically applied when an unsettled state-law question is best decided by or already pending in state courts." *Libertas Classical Ass'n v. Whitmer*, No. 20-2085, 2020 U.S. App. LEXIS 36766, at *5 (6th Cir. Nov. 20, 2020) (quoting *Hill v. Snyder*, 900 F.3d 260, 265 (6th Cir. 2018)).

Here, the Redistricting Cases currently pending before the Ohio Supreme Court will directly impact the federal claims asserted by the Plaintiffs, and might even moot their case. Three of the five Redistricting Cases challenge Ohio's 2021 General Assembly Plan (redistricting maps for state house representatives and state senators), and the remaining two cases challenge the 2021 Congressional Plan (apportionment of U.S. congressional districts). All of the plaintiffs—in the Redistricting Cases and in this one—seek to invalidate the maps adopted.

The Plaintiffs even concede that the Ohio Supreme Court "may decide to invalidate the currently proposed maps." Pls.' Opp. to Defs.' Motion for Abstention and/or Stay of Further Proceedings (Doc. 10) at 3. If the maps are deemed invalid under state law, Plaintiffs' federal constitutional claims, all of which seek declaratory and injunctive relief relating to the maps, will be moot. Therefore, Plaintiffs' argument that "an undecided issue of state law does not underly" their federal constitutional claims fails.

Plaintiffs' argument against abstention and/or a stay because of "looming filing deadlines" is likewise unpersuasive. First, Plaintiffs have not explained why *this* Court need intervene on looming election deadlines. The Ohio Supreme Court will presumably consider the same issues, which actually supports the Defendants' request for abstention until the Ohio Supreme Court has issued its ruling (and possible remedy). Indeed, any preliminary ruling by this Court before the Ohio Supreme Court has had a chance to rule could result in conflicting orders to the Defendants. Conflicting orders in this matter would only cause great confusion and delay the ultimate resolution of the constitutional challenges to Ohio's Redistricting Plans.

Second, even if the Court denies Defendants' request for abstention and/or a stay, there is no certainty that Plaintiffs will obtain the relief they seek any sooner. After all, the Redistricting Cases have already been fully briefed and argued before the Ohio Supreme Court, and the parties are awaiting decisions. So, the Redistricting Cases were well underway before Plaintiffs even filed their case here. In this case, the Defendants have not yet responded to Plaintiffs' amended complaint, and the Court has not yet ruled on Plaintiffs' ability to file a second amended complaint. *See* Doc. 5. Moreover, the Plaintiffs' recently-filed Motion for Preliminary Injunction and Motion for Partial Summary Judgment likely will not be decisional in time for a ruling regarding the "looming" deadline(s). Doc. 19. Plaintiffs have asked for oral argument once briefing on the motions are complete. This leaves mere days to hold oral argument and issue a decision before the February 2, 2022, candidate filing deadline.

At bottom, Plaintiffs offer no legitimate reason why this Court should proceed with this case against Ohio's Redistricting Plan while the Plans are simultaneously before the Ohio Supreme Court. This Court should follow the *Pullman* doctrine and issue a stay pending the Ohio Supreme Court's ruling on the Redistricting Plans.

In moving for abstention and/or a stay, Defendants hope to avoid unnecessary costs and effort associated with duplicative litigation in state court, especially where resolution of the Redistricting Cases might render a ruling by this Court unnecessary. Abstention and/or stay will also avoid confusion and delay should this Court and the Ohio Supreme Court issue conflicting orders. For these reasons, the Defendants respectfully ask the Court to abstain from exercising its jurisdiction and defer resolution of Plaintiffs' federal claims until the state Redistricting Cases have been decided.

Respectfully submitted,

DAVE YOST (0056290)
Attorney General of Ohio

*/s/ Julie M. Pfeiffer*
JULIE M. PFEIFFER (0069762)
ALLISON D. DANIEL (0096186)
Assistant Attorneys General
Constitutional Offices Section
30 E. Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Julie.Pfeiffer@OhioAGO.gov
Allison.Daniel@OhioAGO.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2021, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of this Court's electronic filing system.

*/s/ Julie M. Pfeiffer*
JULIE M. PFEIFFER (0069762)
Assistant Attorney General