UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Honorable Reverend Kenneth L. Simon, et al., | ) | CASE NO. 4:21CV2267 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| Mike DeWine, et al., | ) | |
| | ) | ORDER |
| Defendants. | ) | |
| | ) | |

Pending before the Court is Defendants' motion to stay and/or abstain from deciding the issues raised by Plaintiffs in their complaint and motion for injunctive relief. Plaintiffs have opposed the motion, and Defendants have replied in support. Upon review, the Court finds that staying this matter is the most efficient use of judicial resources.

By way of summary, Plaintiffs are registered African American voters in Mahoning County, Ohio. In their complaint, Plaintiffs alleged that Ohio's most recent effort at redistricting violates Section 2 of the Voting Rights Act and the Fifteenth Amendment. Plaintiffs, therefore, seek to enjoin use of the redistricting map. Defendants seek a stay of this matter relying upon the fact that five separate challenges are pending before the Ohio Supreme Court seeking to invalidate the redistricting map.

Federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). However, the Supreme Court has recognized various types of abstention, placing constitutional or prudential limits on the federal courts' exercise of jurisdiction over cases or controversies that

could have been, were, or are being brought in state courts. For example, federal courts will not rule on a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law. *See Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941). Federal courts will also abstain where there are difficult questions of state law, issues of great public importance to the state, or where the state has special expertise. *See Louisiana Power & Light Co. v. Thibodaux*, 360 U.S. 25 (1959); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). Abstention is also appropriate where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked to restrain ongoing state proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (extending *Younger* abstention to include civil and administrative cases, as well as criminal). Where there is contemporaneous exercise of concurrent jurisdiction between courts, it is also proper to abstain. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).

Initially, the Court acknowledges that Plaintiffs raise a distinct challenge to the redistricting map that is not present in the state court challenges. Moreover, Plaintiffs' claims on their face arise under federal law and therefore do not require an analysis of state law. However, the five state court cases were filed more than two months before this litigation. The Ohio Supreme Court held oral arguments in those matters on December 8, 2021 and accepted supplemental briefing on the matter on December 17, 2021. Moreover, it is probable that success by the challengers on any of their theories in the state court and the subsequent invalidation of the redistricting plan would moot this litigation. Accordingly, the Court finds that a brief stay of the matter is warranted to

ensure the efficient use of judicial resources.

Defendants' motion to stay is GRANTED. This matter is hereby stayed for 60 days. The parties shall file a status report at the end of 60 days that details the current status of the state court proceedings. At that time, the Court will determine whether the stay should remain or be lifted.

IT IS SO ORDERED.


January 12, 2022            /s/John R. Adams
Date            JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE